UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES WILLIAMS,<br><br>                      Plaintiff,<br><br>   v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>                      Defendants. | Case No. 2:14-cv-414-APG-PAL<br><br>ORDER<br><br>(Mtn for Leave – Dkt. #4)<br>(Mtn to Waive – Dkt. #6)<br>(Mtn to Issue – Dkt. #7) |

This matter is before the court on Plaintiff James Williams' Motion for Leave to Amend and File and Extended Complaint (Dkt. #4), Plaintiff's Motion for Waiver of Filing Fee (Dkt. #6), and Motion to Issue Summons Upon the Defendants (Dkt. #7). The court has considered the Motions.

Plaintiff is a prisoner proceeding in this action pro se. In an Order (Dkt. #5) entered June 26, 2014, the court granted Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. #1) and ordered Plaintiff to pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff's Motion for Waiver of Filing Fee represents that he cannot pay the initial partial filing fee. Plaintiff asserts that the financial certificate is misleading because it does not reflect Plaintiff's trust account has a negative balance because he must pay for his own toiletries, stationary for legal mail, and paperwork from the law library. Plaintiff has attached his inmate trust account sheets which support his representations. 28 U.S.C. § 1915 contains a so-called "safety valve" provision that states, "In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the filing fee." 28 U.S.C. § 1915(b)(4); *see also Taylor v. Delatoore,* 281 F.3d 844, 850 (9th Cir. 2002). The trust account statements also show that the Clark County Detention Center has

placed a charge on Plaintiff's account for the amount of the filing fee in this case, and Plaintiff must pay that before he can access any funds from his account.  Therefore, the court will grant Plaintiff's request to waive payment of the initial partial filing fee.

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

As an initial matter, Plaintiff requests permission to file an "extended" amended complaint.  The proposed amended complaint attached to the Motion for Leave asserts 103 counts against eleven named Defendants and 125 Doe and Roe Defendants, and is 127 pages long.  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement" of a plaintiff's claims.  The complaint must set forth who is being sued, for what relief, and on what grounds with enough detail to guide discovery.  *See, e.g., McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir. 1995).  Rule 8 is violated when a complaint is needlessly long or highly repetitive.  *See Cafasso v. Gen'l Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1059 (9th Cir. 2011).  When claims are brought against multiple defendants, the complaint should clearly indicate which claims apply to which defendant.  *McHenry,* 84 F.3d at 1178.  Likewise, where multiple claims are brought, the complaint should identify which factual allegations give rise to each particular claim.  *Id.*  Plaintiff's amended complaint is excessively long and needlessly repetitive and does not comply with Rule 8.  Accordingly, his motion to file an extended complaint is denied, and the court will screen the original complaint.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of*

- 2 -

*America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Id.*  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 679-80.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.

The complaint was filed on the court's form civil rights complaint pursuant to 42 U.S.C. § 1983.   To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted).  States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute.  *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).  Section 1983 does allow suits against state officers in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 26 (1991).

I.     **Factual Allegations.**

Plaintiff alleges that on twenty occasions throughout 2012 and 2013, the Defendants violated 18 U.S.C. § 1951 by conspiring to interfere and/or interfering with commerce, namely Plaintiff's business of "accepting donations" for and selling bottled water.  Plaintiff alleges that on multiple occasions, various Defendants falsely arrested him while he was engaged in commerce. He alleges that on April 27, 2013, Defendant Stephen Turner and two Doe Security Officers assaulted him.  He also alleges that on October 14, 2012, two Doe Officer Defendants chased and tackled him after taking his money and before arresting him and transporting him to Clark County Detention Center.

1    Plaintiff alleges Defendants Firestine, LaVassieur, Johnson, Clark, LeHeay, and several Doe and Roe Defendants, violated his Fourteenth Amendment rights on multiple occasions by impounding his property, including coolers, money, a dolly, and water bottles, and refusing to give Plaintiff a property report.

Plaintiff alleges that Firestine and LaVassieur violated Plaintiff's Fourth Amendment rights on July 7, 2014, when they arrested him for "VIOL PROSTIT CORRIDOR STAY OUT ORDER." Complaint at 11. Plaintiff alleges the order was expired. After he was arrested, he was taken to Clark County Detention Center, where he was strip searched for illegal drugs even though he alleges there was no reasonable suspicion of drugs.

Plaintiff alleges that on May 12, 2013,[1] Defendant Officer Kompman violated Plaintiff's First Amendment right to assemble peaceably when he arrested Plaintiff for obstructing the sidewalk.

Plaintiff alleges his Eighth Amendment rights were violated in May 15, 2013, when Defendant Officer Clark "made a misdemeanor into a gross misdemeanor causing excessive bail to be imposed on the plaintiff." Complaint at 15. Plaintiff alleges Defendant Officer LeHeay impounded money and property from Plaintiff and acted in a supervisor's capacity.

**II.     Plaintiff's Claims.**

**A.  18 U.S.C. § 1951—Interference with Commerce Claim.**

First, Plaintiff attempts to state a claim against various Defendants for violating 18 U.S.C. § 1951 by arresting him while he was engaged in commerce. 18 U.S.C. § 1951 is the federal statute that criminalizes robbery and extortion. The Ninth Circuit has held that there is no private right of action under Title 18 of the United States Code. *See Dyson v. Utigard,* 163 F.3d 607, 607 (9th Cir. 1998); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (no basis for civil liability under Title 18). Accordingly, Plaintiff cannot state a civil claim against any Defendant for violating this statute.

---

[1] Plaintiff also alleges two Doe Officer Defendants violated his First Amendment rights by arresting him on June 2, 2013, for the same conduct. On this occasion, Plaintiff also alleges Defendant Officer Johnson impounded several cases of water, a dolly, and a cooler.

- 4 -

**B.  Fourth Amendment Strip Search Claim.**

Second, Plaintiff attempts to state a Fourth Amendment claim regarding the strip search at Clark County Detention Center.  The United States Supreme Court has held that pretrial detainees retain some Fourth Amendment rights upon commitment to a corrections facility. *See Bell v. Wolfish,* 441 U.S. 520, 558 (1979).  In assessing the constitutionality of a search, the court must balance the need for the search against the invasion of personal rights the search entails.  *Id.* This requires the court to weigh the scope of the intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.  *Id.*

In *Bull v. City and County of San Francisco,* the Ninth Circuit concluded that suspicionless visual body cavity searches could be performed without a warrant during the jail intake process. 595 F.3d 964, 968-69 (9th Cir. 2010) (en banc).  The court relied primarily on two factors in determining it would be impractical for the government to obtain a warrant prior to each search.  *See United States v. Fowlkes,* -- F.3d --, 2014 WL 41789298 at *5 (9th Cir. Aug. 25, 2014) (citing *Bull,* 595 F.3d at 968-69).  First, the court examined the number of inmates booked into jail annually and found it would be difficult, if not impossible, for police to obtain a warrant for each person.  *Id.* (citing *Bull,* 595 F.3d at 966).  Second, the court determined that visual cavity searches are often suspicionless, and they are necessitated by the jail's security concerns rather than justified by probable cause. *Id.* (citing *Bull*, 595 F.3d at 966-67).  Likewise, in *Florence v. Board of Chosen Freeholders,* -- U.S. --, 132 S.Ct. 1510 (2012), the Supreme Court upheld a blanket strip search and visual body cavity search for arrestees entering detention facilities based on the same impracticability rationale the Ninth Circuit applied in *Bull.  Fowlkes,* 2014 WL 41789298 at *5.  The Court held that strip searches are constitutionally permissible, even if not based on reasonable suspicion, when routinely conducted by prison officials on detainees as they enter the prison's general population.  *Florence,* 132 S.Ct. at 1523.

Here, Plaintiff alleges that when he arrived at Clark County Detention Center, Defendants LeVassieur and Firestine "forced an unreasonable strip search on Plaintiff under the guise of drugs" and without reasonable suspicion.  Plaintiff alleges the search was conducted because he was wearing a hat with a picture of a marijuana leaf on it.  Given the Ninth Circuit's opinion in

*Bull* and the Supreme Court's opinion in *Florence,* Plaintiff cannot state a claim for a Fourth Amendment violation due to the alleged suspicionless strip search as he was booked into the Clark County Detention Center.

### C.  Fourth Amendment False Arrest Claim.

Plaintiff repeatedly alleges Defendants placed him under a false arrest.  He may be attempting to state a claim under the Fourth Amendment for arrest without probable cause.  *See Beck v. Ohio,* 379 U.S. 89, 90-91 (1964).  As a general matter, an arrest made without a warrant requires a showing of probable cause.  *Gilker v. Baker*, 576 F.2d 245, 246 (9th Cir.2001).  An arrest made without probable cause or other justification provides the basis for a claim of unlawful arrest under § 1983 as a violation of the Fourth Amendment.  *Dubner v. City of San Francisco*, 266 F.3d 959 (9th Cir.2001).  A warrantless arrest is reasonable where the officer has probable cause to believe a crime has been or is being committed.  *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).  "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."  *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

Whether a police officer has probable cause to arrest is determined by looking at the facts known to the officer at the time of the arrest.  *Turner v. County of Washoe*, 759 F. Supp. 630, 634 (D.Nev.1991).  Probable cause exists if the facts and circumstances within the person's knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the person had committed a crime.  *Id*.  The existence of probable cause precludes a claim of unlawful arrest. *Pierson v. Ray*, 386 U.S. 547 (1967); *Wyatt v. Cole*, 504 U.S. 158, 165 (1992); *Turner*, 759 F. Supp. at 633 (stating "It has long been established that a police officer who arrests with probable cause is immune from suit in a civil rights action").

Here, Plaintiff has not alleged any facts to support a Fourth Amendment wrongful arrest claim.  His conclusory allegations that Defendants placed him under a false arrest are insufficient as a matter of law to state a claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 679-80 (2009).

/ / /

Plaintiff's Fourth Amendment claim related to his various arrests will be dismissed with leave to amend.

### D. Claims Against Municipal Defendants.

Plaintiff attempts to state claims against the officer Defendants and Defendant Gillespie in their official capacities and against the Las Vegas Metropolitan Police Department ("LVMPD"). States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989); *Aguou v. Commonwealth Ports Auth.,* 316 F.3d 899, 901 (9th Cir. 2003). Official capacity claims are simply an alternative way of pleading a claim against the entity for which the defendant is an officer. *See Hafer v. Melo,* 502 U.S. 21, 25 (1991); *Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010). In order to state an official capacity claim or a claim against a local government, such as a municipality, a plaintiff must allege there is "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or some "governmental custom" even if such a custom has not received formal approval through the body's official decision-making channels. *See Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 690-91 (1978). Municipal officers may be sued in their official capacities, but the plaintiff must prove that any constitutional violations occurred as a result of an official policy or custom or through a failure to train municipal employees adequately. *Id.* at 690; *City of Canton v. Harris*, 489 U.S. 378, 388-91 (1989). Here, Plaintiff has not alleged that any particular statement, ordinance, regulation, decision or custom exists that violates his constitutional rights or that Defendants' conduct was the result of a failure to train. Accordingly, Plaintiff's official capacity claims and claim against LVMPD will be dismissed with leave to amend.

### E. Claims Related to Personal Property.

Plaintiff alleges that on multiple occasions, Defendants took his personal property—including money, water bottles, coolers, a suitcase, and a dolly—without providing a property report.

///

### 1. Procedural Due Process Claim.

The Fourteenth Amendment provides that no state shall deprive any person of life, liberty, or property without due process of law. U.S. Const. amend XIV §1. To state a claim for due process violation, a plaintiff must allege that he has a protected property interest under the Due Process Clause and that he was deprived of the property without receiving the process that he was constitutionally due. *See Ingraham v. Wright,* 430 U.S. 651, 672 (1977); *Levine v. City of Alameda*, 525 F.3d 903, 905 (9th Cir. 2008).

Property interests are created by state law. *See Nevada Dept. of Corr. v. Greene,* 648 F.3d 1014, 1019 (9th Cir. 2011) (citing *Bd. Of Regents of State Colls v. Roth,* 408 U.S. 564, 577 (1972)). Nevada recognizes personal property, which includes "money, goods, and chattels." *Id.* (citing NRS 10.045, 10.065). Plaintiff's personal property is chattel, and he has a property interest in it. As the Ninth Circuit has made clear, the government may not take property "like a thief in the night." *Lavan v. City of Los Angeles,* 693 F.3d 1022, 1032 (9th Cir. 2012) (citing *Clement v. City of Glendale,* 518 F.3d 1090, 1093 (9th Cir. 2008)). Instead, it must "announce its intentions and give the property owner a chance to argue against the taking." *Id.* Specifically, the government must provide people with notice and an opportunity to be heard before the government deprives them of property. *Lavan,* 693 F.3d at 1032 (citing *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 48 (1993). Plaintiff alleges his personal property was taken on various occasions by Defendants Firestine, LaVessieur, Fincher, LeHeay, Kompman, Johnson, Jane Doe, John Doe #1, John Doe #2, John Doe #6, John Doe #7, and Sergeant John Doe. He alleges he was never given a property report. Plaintiff does not allege, however, that he was denied notice and/or an opportunity to be heard. He does not allege his property was not returned to him. Therefore, Plaintiff has not adequately pled his due process claim, and it will be dismissed with leave to amend.

### 2. Fourth Amendment Unreasonable Seizure Claim.

Plaintiff may also be attempting to state a claim under the Fourth Amendment for an unreasonable seizure of his property. The Fourth Amendment protects against unreasonable seizures. U.S. Const. amend IV. A seizure of property occurs when there is some meaningful

interference with an individual's possessory interest in that property. *Lavan,* 693 F.3d at 1027 (citing *United States v. Jacobsen,* 466 U.S. 109, 113 (1984)). Generally, whether a seizure is unreasonable under the Fourth Amendment depends upon the facts and circumstances of each case. *See Miranda v. City of Cornelius,* 429 F.3d 858, 862 (9th Cir. 2005) (citing *Cooper v. California,* 386 U.S. 58, 59 (1967)). However, a seizure conducted without a warrant is per se unreasonable under the Fourth Amendment, subject only to a few specific and well-defined exceptions. *See Miranda,* 429 F.3d at 862 (citing *United States v. Hawkins,* 249 F.3d 867, 872 (9th Cir. 2001)); *Menotti v. City of Seattle,* 409 F.3d 1113, 1154 (9th Cir. 2005) (citing *Illinois v. McArthur,* 531 U.S. 326, 330-31 (2001)). A reasonable expectation of privacy is not required to trigger Fourth Amendment protection against seizures. *Id.* (citing *Sodal v. Cook Cty.,* 506 U.S. 56, 63-64 & n.8 (1992)). Here, Plaintiff has alleged Defendants intentionally and unreasonably seized his property without a warrant and without providing him a property report. He has stated a claim under the Fourth Amendment for an unreasonable seizure of personal property against Defendants Firestine, LaVessieur, Fincher, LeHeay, Kompman, Johnson, Jane Doe, John Doe #1, John Doe #2, John Doe #6, John Doe #7, and Sergeant John Doe.

**F.  First Amendment Claim.**

Plaintiff alleges "Officer violated the I amendment right to assemble peaceably by arresting the plaintiff for OBSTRUCTIVE USE OF PUB SIDEWALK." Complaint at 14. The First Amendment guarantees a citizen the right to be free from governmental action taken to retaliate against the citizen's exercise of his or her First Amendment rights or to deter the citizen from exercising those rights in the future. *Sloman v. Tadlock,* 21 F.3d 1462, 1469-70 (9th Cir. 1994). In order to state a claim under the First Amendment, a plaintiff must allege that a defendant deterred or chilled the plaintiff's protected speech or conduct, and such deterrence was a substantial or motivating factor in the defendant's conduct. *Id.* (citing *Mendocino Env'l Ctr. v. Mendocino Cty.,* 14 F.3d 457, 459-60 (9th Cir. 1994). A plaintiff asserting a First Amendment retaliation claim "may not recover merely on the basis of a speculative chill due to generalized and legitimate law enforcement initiatives." *Mendocino,* 14 F.3d at 464 (citing *Gibson v. United*

/ / /

1  *States,* 781 F.2d 1334, 1338 (9th Cir. 1986)).  "A defendant's intent *is* an element of the claim."
2  *Id.* (emphasis in original).

3  Plaintiff's conclusory allegations that an unnamed police officer violated his First
4  Amendment rights are insufficient. Plaintiff has not alleged anything regarding the unnamed
5  officer's intent or that the officer deterred or chilled any conduct protected by the First
6  Amendment.  Finally, he has not described how his conduct is protected by the First
7  Amendment.  As a general rule, the right to assemble can only be exercised with another of the
8  rights guaranteed by the First Amendment.  *See McDonald v. Smith,* 472 U.S. 479, 485 (1985)
9  (noting that the First Amendment rights to speak, publish, assemble, and petition "are
10 inseparable"); *United Mine Workers v. Illinois State Bar Ass'n,* 389 U.S. 217, 222 (1967) (the
11 right to assemble and petition the government are "intimately connected, both in origin and
12 purpose, with the other First Amendment rights of free speech and free press," and although they
13 are not identical, they are "inseparable"); *Presser v. Illinois,* 116 U.S. 252, 267 (1886) ("the right
14 peaceably to assemble was not protected . . . unless the purpose of the assembly was to petition
15 the government for redress of grievances").  For all of these reasons, Plaintiff's First Amendment
16 claim will be dismissed with leave to amend.

17 **G.  Eighth Amendment Excessive Bail Claim.**

18 Plaintiff alleges that he was attested for soliciting donations/selling water, and Defendant
19 Clark "made a misdemeanor into a gross misdemeanor causing excessive bail to be imposed on
20 the plaintiff."  Complaint at 15.  The Eighth Amendment provides, "Excessive bail shall not be
21 required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const.
22 amend. VIII.  The bail provision of the Eighth Amendment is one of the least litigated provisions
23 in the Bill of Rights, and neither the Supreme Court nor the Ninth Circuit have held that it is
24 applicable to the states through the Fourteenth Amendment.  *See Galen v. Cty of Los Angeles,*
25 477 F.3d 652, 659.  Both the Supreme Court and the Ninth Circuit have assumed, without
26 deciding, that it is.  *Id.* (citing *Baker v. McCollan,* 443 U.S. 137, 142 (1979).  Bail is excessive in
27 violation of the Eighth Amendment when it is set at a figure higher than an amount reasonably
28 calculated to ensure the asserted governmental interest.  *See United States v. Salerno,* 481 U.S.

739, 754 (1987); *Stack v. Boyle,* 342 U.S. 1, 4-6 (1951).  Generally, to challenge bail as excessive, a criminal defendant must move for a reduction, and if that motion is denied, appeal to the Court of Appeals, and if successful there, appeal to the Supreme Court Justice sitting for that circuit.  *Stack,* 342 U.S. at 6-7.  In order to state a civil rights claim under section 1983 for a violation of the Eighth Amendment, a plaintiff must show that bail was enhanced for purposes not authorized by Nevada law or that the "bail was excessive in light of the purpose for which it was set."  *Galen,* 477 F.3d at 661.  Plaintiff cannot state an Eighth Amendment claim against Defendant Clark because Defendant Clark did not set his bail.  In addition, Plaintiff has not alleged that his bail was enhanced for an improper purpose or that it was excessive in light of the reason it was set.  The court has no information about the criminal charges filed against Plaintiff, Plaintiff's criminal history, if any, or any of the other relevant factors that were considered in setting Plaintiff's bail.  This claim will also be dismissed with leave to amend.

**H.  Claims Against Defendants Turner & Doe Security Guards ##1 and 2.**

Plaintiff alleges that on April 27, 2013, Defendant Turner stopped Plaintiff from leaving an establishment and told Plaintiff that he was not permitted to be there.  Plaintiff "tried to go about his business," and Turner assaulted Plaintiff.  Additionally, Doe Security Guards ##1 and 2 joined Mr. Turner in assaulting Plaintiff.  Plaintiff alleges the Doe Security Guards handcuffed him and threatened to pepper spray him if he did not stop resisting.  They "held him in the hot sun for over an hour while they waited for police to arrive."  When Plaintiff stood up to stretch, the Defendants kicked his feet out from under him and banged his head against the glass of a restaurant.

To state a claim under section 1983, a plaintiff must allege that his civil rights were violated by a person acting under color of state law.  *See West,* 487 U.S. at 49-50.  Generally, private people not affiliated with a state or municipal government do not act under color of state law.  *See Florer v. Congregation Pidyon Shevuyim, N.A.,* 639 F.3d 916, 922 (9th Cir. 2011) (stating "we start with the presumption that conduct by private parties is not state action").  The actions of a private person may be properly attributed to the government for purposes of 1983 if, at the time of the alleged constitutional violation: (a) the private actor was performing a public

function; (b) the private actor was engaged in joint activity with the government; (c) the private party acted under governmental compulsion or coercion; or (d) there was a sufficient nexus between the government and the private actor. *See Kirtley v. Rainey,* 326 F.3d 1088, 1092 (9th Cir. 2003).

Here, Plaintiff does not allege that Turner or either Doe Security Guard were state actors. Plaintiff bears the burden of alleging state action under one of the four tests described above. *See Florer,* 639 F.3d at 922; *Kirtley,* 326 F.3d at 1092. Here, the complaint does not plausibly allege that Turner or either of the Doe Security Guards were acting under color of state law, and Plaintiff has not stated a constitutional claim against Turner or the Doe Security Guards.

Plaintiff may be attempting to allege claims for assault, battery, and false imprisonment under Nevada law. Under the doctrine of supplemental jurisdiction, previously pendent jurisdiction, a federal court may hear state claims that are part of the "same case or controversy" as a claim arising under federal law. 28 U.S.C. § 1367(a). Here, the court found Plaintiff has stated a procedural due process claim related to the police officer Defendants' taking of Plaintiff's personal property. Plaintiff does not allege who Defendant Stephen Turner is, or how the events that he alleges transpired on April 27, 2013, relate to that claim. He has not alleged facts to show that the events that occurred on April 27, 2013, arise are part of the same case or controversy as the events alleged in support of Plaintiff's procedural due process claim. Accordingly, the court declines to exercise supplemental jurisdiction over these state law claims, and they are dismissed with leave to amend.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is advised that he should specifically identify each Defendant to the best of his ability, clarify what constitutional right he believes each Defendant has violated and support each claim with factual allegations about each Defendant's actions. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff's claims must be

/ / /

set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's request to proceed in forma pauperis is GRANTED. Plaintiff shall not be required to pay the filing fee of $350.00.
2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.
3. Plaintiff's Motion to Waive Initial Filing Fee (Dkt. #6) is GRANTED. Plaintiff shall not be required to pay an initial partial filing fee as previously directed by the court.
4. Plaintiff's Motion to File Extended Amended Complaint (Dkt. #4) is DENIED.
5. Plaintiff's Fourth Amendment claim related to his strip search in Clark County Detention Center and his Fourth Amendment false arrest claim are DISMISSED WITH LEAVE TO AMEND.
6. Plaintiff's claims against LVMPD, claims against the Defendant police officers in their official capacity, and claims against Defendant Doug Gillespie are DISMISSED WITH LEAVE TO AMEND.

///

7. Plaintiff's First Amendment claim is DISMISSED WITH LEAVE TO AMEND.

8. Plaintiff's Eighth Amendment claim is DISMISSED WITH LEAVE TO AMEND.

9. Plaintiff's state law claims are DISMISSED WITH LEAVE TO AMEND.

10. Plaintiff's claims arising under 18 U.S.C. § 1951 are DISMISSED WITH LEAVE TO AMEND.

11. Plaintiff's Motion to Issue Summons (Dkt. #7) is DENIED at this time. Because the court has dismissed the majority of Plaintiff's claims with leave to amend, the court will not direct the issuance of summons and service of process until Plaintiff has had an opportunity to file an amended complaint if he desires. If Plaintiff chooses to file an amended complaint, the court will screen it and direct service as required. If Plaintiff declines to file an amended complaint, the court will direct the Clerk to issue summons after the time for filing an amended complaint has run. The court will then direct the U.S. Marshal to effect service of process if necessary.

12. Plaintiff shall have until **December 17, 2014,** to file his amended complaint, if he believes he can correct the noted deficiencies. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

13. Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and Plaintiff shall place the case number, **2:14-cv-00414-APG-PAL**, above the words "FIRST AMENDED" in the space for "Case No."

/ / /

/ / /

14. Plaintiff is expressly cautioned that if he does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

Dated this 14th day of November, 2014.

```
                                    _____
                                    PEGGY A. LEEN
                                    UNITED STATES MAGISTRATE JUDGE
```