UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES WILLIAMS, | Case No. 2:14-cv-00414-APG-PAL |
| Plaintiff, | ORDER |
| v. | (Mtn for Service – Dkt. ##15, 16, 25) |
| F.N.U. CLARK, et al., | |
| Defendants. | |

This matter is before the court on Plaintiff James Williams' Motions for Service (Dkt. ##15, 16, 25) filed January 15, February 2, and February 25, 2015, respectively, and which were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(a)(1)(A) and LR 1-3. Plaintiff is a prisoner proceeding in this case pro se and in forma pauperis. The court has considered the Motions.

In all three Motions, Plaintiff requests an order directing the court or the Clerk of Court serve various documents and return a filed copy to Plaintiff. Specifically, in docket number fifteen Plaintiff asks the court to serve his Motion to Appoint Counsel (Dkt. #14); in docket number sixteen, his first set of interrogatories and requests for production of documents; and in docket number twenty-five, his Motion for a Temporary Restraining Order (Dkt. #23) and his Motion for Preliminary Injunction (Dkt. #24). Plaintiff has improperly filed all three Motions to Serve ex parte which means they are sealed, not in the public record, and not served on other parties of record.

Rule 5 of the Federal Rules of Civil Procedure requires a party to serve any written motion or discovery paper on every party who has appeared. *See* Fed. R. Civ. P. 5(a). It permits a party to effect service using the court's transmission facilities if allowed by local rule. Fed. R. Civ. P. 5(b)(3). The court's Local Rules of Civil Practice permit a party to file and serve

documents by electronic means.  *See* LR 5-3 and 5-4.  Incarcerated litigants mail their papers to the Clerk of Court, who files them on the court's docket.  Once they are filed, service is made electronically on other parties[1] who have appeared in this case when a Notice of Electronic Filing ("NEF") is generated automatically and immediately after filing by CM/ECF.[2]  Therefore, as soon as the Clerk of Court filed Plaintiff's Motion to Appoint Counsel, Motion for Temporary Restraining Order, and Motion for Preliminary Injunction on the court's docket, they were automatically served on the other parties to this case.[3]  Plaintiff does not need to make any additional request for the court to serve filed pleadings through its CM/ECF system.  Plaintiff's requests to serve his Motions are denied.

Plaintiff also requests the court serve his written discovery.  The Federal Rules of Civil Procedure require a party to serve his or her own written discovery requests, including interrogatories and requests for production of documents.  *See generally* Fed. R. Civ. P. 5, 33, 34.  Furthermore, LR 26-8 prohibits a party from filing discovery papers with the court unless the court orders otherwise.   In addition, Plaintiff is reminded that LR 1-8 provides proceeding in forma pauperis does not relieve the plaintiff's responsibilities to pay any expenses of litigation not covered by 28 U.S.C. § 1915, which does not cover costs associated with serving written discovery requests.  The court has screened the complaint, directed service, and entered a discovery plan and scheduling order giving the parties until June 3, 2015 to complete discovery.  Plaintiff may serve his discovery requests on opposing counsel as required by Fed. R. Civ P. 5(a) & (b).

---

[1] If there were another pro se party without CM/ECF access, the plaintiff would have to serve that party by mail or another manner authorized by Rule 5(b) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 5(a).  Any party represented by counsel is served electronically because all attorneys must use the court's CM/ECF filing system.  *See generally* Special Order 109 (adopting court's electronic filing procedures) and LR 5-4.

[2] However, when a party files a request and labels it "ex parte," CM/ECF does not e-mail the NEF for that filing to other parties.  An ex parte request, by definition, is sealed, access is restricted to court users and the filing party and it is not served on other parties.

[3] No parties were served with these Motions because at the time Plaintiff filed them, no Defendant had appeared in this case.  Defendants Firestine and LaVassieuer appeared through counsel on February 26, 2015, when they filed the Motion to Dismiss (Dkt. #26).

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motions for Service (Dkt. ##15, 16, and 25) are DENIED.
2. The Clerk of Court is directed to unseal the Motions for Service (Dkt. ##15, 16, 25) and enter them on the public docket.

Dated this 12th day of March, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE