UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES WILLIAMS,<br><br>                    Plaintiff,<br>v.<br>F.N.U. CLARK, et al.,<br><br>                    Defendants. | Case No. 2:14-cv-00414-APG-PAL<br><br>**ORDER**<br><br>(Mtn to Serve Add. Interrog. – Dkt. #40)<br>(Mtn to Amend Sched. Order – Dkt. #43) |

Before the Court is Plaintiff James Williams' Motion to Serve Additional Interrogatories on Defendants (Dkt. #40), filed April 2, 2015. The Court has also considered Defendants' Opposition (Dkt. #46), filed April 17, 2015. Also before the Court is Plaintiff's Motion to Amend / Correct Scheduling Order (Dkt. #43), filed April 2, 2015, for which Defendants submitted a Notice of Non-Opposition (Dkt. #45). These matters were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and LR 1-3 and 1-9.

**I.    BACKGROUND**

Plaintiff is a prisoner proceeding in this case *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. § 1915, the Court screened Plaintiff's Complaint (Dkt. #11). *See* Screening Order (Dkt. #9). The Court found the Complaint stated a claim under the Fourth Amendment for an unreasonable seizure of Plaintiff's personal property against Defendants Firestine, LaVessieur, Fincher, LeHeay, Kompman, Johnson, Jane Doe, John Does ##1, 2, 6, and 7, and Sergeant John Doe. The Court dismissed all of Plaintiff's other claims and Defendants with leave to amend. Plaintiff did not file an amended complaint by December 17, 2014, as ordered. Therefore, only his Fourth Amendment unreasonable seizure claim remains pending at this time. Plaintiff has

now filed multiple motions seeking to amend his Complaint to add additional defendants and claims. *See* (Dkt. ##31, 50, 51). However, these motions are still pending.

## II.   MOTION TO SERVE ADDITIONAL INTERROGATORIES ON DEFENDANTS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, "*a party may serve on any other party* no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1) (emphasis added). Here, Plaintiff requests leave to serve 98 interrogatories to the Las Vegas Metropolitan Police Department. However, the police department is not a party to this action as it was dismissed in the Court's prior Order (Dkt. #9). Because Rule 33 does not allow Plaintiff to serve interrogatories on non-parties, the Court must deny Plaintiff's Motion (Dkt. #40) without prejudice.

## III.   MOTION TO AMEND / CORRECT SCHEDULING ORDER

On March 4, 2015, the Court entered a Scheduling Order (Dkt. #32) that set June 3, 2015, as the deadline for discovery to be completed. Plaintiff timely filed a request to extend the discovery deadline based upon his unintended mistakes in serving discovery requests via mail. Plaintiff states that no discovery has been completed thus far, but several requests for production and interrogatories are pending. The Notice of Non-Opposition (Dkt. #45) indicates that Defendants have no objection to Plaintiff's request. As such, the Court finds good cause to extend the deadlines stated in the Scheduling Order by forty-five (45) days: (1) Discovery in this action shall be completed on or before July 20, 2015; (2) Motions for summary judgment shall be filed and served no later than August 18, 2015; and (3) the Parties shall file a Joint Pretrial Order on or before September 18, 2015.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion to Serve Additional Interrogatories on Defendants (Dkt. #40) is **DENIED** without prejudice.
2. Plaintiff's Motion to Amend / Correct Scheduling Order (Dkt. #43) is **GRANTED**. The deadlines stated in the Scheduling Order (Dkt. #32) are extended by forty-five (45) days: (1) Discovery in this action shall be completed on or before July 20, 2015;

(2) Motions for summary judgment shall be filed and served no later than August 18, 2015; and (3) the Parties shall file a Joint Pretrial Order on or before September 18, 2015.

Dated this 18th day of May, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE