**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

JAMES WILLIAMS,

                Plaintiff,

v.

F.N.U. CLARK, et al.,

                Defendant.

Case No. 2:14-cv-00414-APG-PAL

**Order Accepting Report and Recommendation and Denying Motions**

(Dkt. ##23, 24, 26, 36)

      Pro se plaintiff James Williams initially alleged numerous causes of action against defendants stemming from various interactions he had with law enforcement officials. On November 17, 2014 Magistrate Judge Leen screened Williams' complaint and dismissed all of his claims except a Fourth Amendment unreasonable seizure claim. (Dkt. #9.) Among these dismissed claims were allegations that defendants violated 18 U.S.C. § 1951—a criminal statute.

      Judge Leen gave Williams' until December 17, 2014 to file an amended complaint. She cautioned Williams that if he [did] not timely file an amended complaint . . . this case may be immediately dismissed." (Dkt. #9 at 15.) But Williams failed to do so. Judge Leen then ordered that the case would proceed on the Fourth Amendment claim. (Dkt. #10.)

      In February, 2015, Williams filed a motion for preliminary injunction and a motion for temporary restraining order. (Dkt. ##23, 24.) Both of these motions are based on defendants' alleged violation of 18 U.S.C. § 1951. Shortly after, defendants moved to dismiss all of Williams' claims except for the Fourth Amendment claim Judge Leen had initially allowed to survive in her screening order.[1] (Dkt. #26.)

      Judge Leen then issued a Report of Findings and Recommendation (Dkt. #36) recommending that I deny Williams' pending motions for a preliminary injunction and a

---

[1] Presumably defendants moved to dismiss out of an abundance of caution (given that these claims had already been dismissed by Judge Leen).

temporary restraining order.  Judge Leen reasons that Williams' claims under § 1951 are dismissed and he has not properly sought to amend them.  Because Williams' motions are based on alleged violations of § 1951, Judge Leen recommends I deny them.

Williams objected to Judge Leen's recommendation. (Dkt. #39.)  He argues that his pending motions should not be dismissed because he alleges that he never received Judge Leen's dismissal order.  Williams also contends that Judge Leen's initial dismissal was wrong because she should have more liberally construed his legal claims.

I have conducted a *de novo* review of the issues set forth in the Report of Findings and Recommendation.  Judge Leen sets forth the proper legal analysis and factual basis for the decision.  Regardless of whether Williams received a copy of Judge Leen's dismissal, the fact remains that all of the claims relevant to his pending motions were dismissed.[2]  If he ultimately succeeds in filing a proper amended complaint then he may move for relief on his claims then.

As to defendants' motion to dismiss (Dkt. #26), it is moot.  The claims defendants seek to dismiss were dismissed by Judge Leen's initial screening order. (Dkt. #9.)

Therefore,

IT IS HEREBY ORDERED that the Report of Findings and Recommendation (Dkt. #36) is accepted.

IT IS FURTHER ORDERED that plaintiff's objection (Dkt. #39) is OVERRULED.

IT IS FURTHER ORDERED that plaintiff's motions (Dkt. ##23, 24) are DENIED.

IT IS FURTHER ORDERED that defendants' motion (Dkt. #26) is DENIED without prejudice.

Dated: July 8, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[2] Williams responded to Judge Leen's Report of Findings and Recommendation, but he does not explain why he has not seen Judge Leen's initial dismissal order.  In any event, if Williams disagrees with Judge Leen's initial decision to dismiss his claims, the proper place to raise those arguments is in a motion to amend.  These arguments have no relevance to whether Williams can seek a preliminary injunction or temporary restraining order.