UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES WILLIAMS, | Case No. 2:14-cv-00414-APG-PAL |
| Plaintiff, | **ORDER** |
| v. | (Mot. Ext. Time – Dkt. #58) |
| F.N.U. CLARK, et al., | (Mot. Ext. Time – Dkt. #63) |
| Defendants. | (Mot. Serve – Dkt. #70) |

Before the Court is Plaintiff James Williams' Motion to Extend Time re: Scheduling Order (Dkt. #58) and Motion for the Court to Direct the U.S. Marshal's Service to Serve a Copy of the Complaint on Outstanding Defendants and Issue Summons (Dkt. #70).  Also before the Court is Defendants Jeffrey Firestine and Brett LaVassieur's Emergency Motion to Extend Discovery Deadlines (Dkt. #63).  No opposition briefs were filed in response to these motions and the time for doing so has now passed.  This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(a) and LR IB 1-3 and 1-9 of the Local Rules of Practice.

I.    **PROCEDURAL HISTORY**

Mr. Williams is proceeding in this case *pro se* and *in forma pauperis*.  He commenced this action on March 30, 2014, by filing a Complaint.  At that time, Williams was a detainee in the custody of the Clark County Detention Center.  *Id.*  On August 4, 2014, Williams informed the Court that his custody was transferred to the Nevada Department of Corrections ("NDOC") and he was incarcerated at the High Desert State Prison.  *See* Notice of Change of Address (Dkt. #8).

Pursuant to 28 U.S.C. § 1915, the Court screened Williams' Complaint and found it stated a claim under 42 U.S.C. § 1983 and the Fourth Amendment for an unreasonable seizure of personal property against Defendants Firestine, LaVassieur, Fincher, LeHeay, Kompman,

Johnson, Jane Doe, John Does ##1, 2, 6, and 7, and Sergeant John Doe.  *See* Nov. 17, 2014 Screening Order (Dkt. #9).  The Court dismissed all other claims and defendants with leave to amend within 30 days.  *Id*.  However, Williams did not file an amended complaint.

### A.    Service of the Complaint

On January 5, 2015, the Court directed the Clerk's Office to file the Complaint and issue summons to the Defendants named in his unreasonable seizure claim.  *See* Order (Dkt. #10); Compl. (Dkt. #11).  Williams was instructed to provide the U.S. Marshals Service ("USM") with the information necessary to serve Defendants.  Order (Dkt. #10) at 2.  The Court expressly stated that, pursuant to "Rule 4(m) of the Federal Rules of Civil Procedure,[1] service must be accomplished within 120 days from the date this order is entered."  *Id*.  Service was therefore due no later than May 4, 2015.

The summons were returned executed for two police officers with the Las Vegas Metropolitan police Department ("LVMPD"), Defendants Firestine and LaVassieur (Dkt. ##17, 18). The USM was unable to serve the other LVMPD officers, Defendants Kompman, Le Heay, Fincher, or Johnson (Dkt. ##19, 20, 21, 22) because LVMPD represented that there was no match for Le Heay and Kompman in LVMPD's database.  *See* USM Returns (Dkt. ##21, 22). The Summons was returned unexecuted for Johnson because there are over 40 "Johnsons" who work at LVMPD, USM Return (Dkt. #19), and for Fincher because three "Finchers" work at LVMPD, USM Return (Dkt. #20).  In April 2015, Williams sought additional time to serve the LVMPD officers.  *See* Mot. Extend Time re: Service (Dkt. #42).  This motion was timely filed before the service deadline of May 4th.

On June 22, 2015, Williams informed the Court that he had been released on community supervision and was no longer in NDOC's custody.  *See* Notice of Change of Address (Dkt. #55).

On July 17, 2015, the undersigned entered an Order and Report of Findings and Recommendation ("Order/R&R") (Dkt. #57), extending discovery deadlines and granting

---

[1]  Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil Procedure.

Williams additional time to serve all Defendants. *Id*. at 28–29. The Court explained that LVMPD could not be made a party to this action "simply to participate in discovery or because LVMPD employs or previously employed the Defendant Officers." *Id*. at 28:1–2. Instead, Plaintiff would need to obtain discovery regarding the identity of the officers he is trying to sue and serve under the appropriate civil procedure rules:

> For example, Plaintiff may serve a subpoena on a third-party *at his own expense* to obtain documents relevant to his case. *See* Fed. R. Civ. P. 45. Plaintiff may also serve written discovery requests on Defendant Officers Firestine and LaVassieur to obtain relevant discovery materials. In short, it is Plaintiff's responsibility to conduct discovery during discovery in order to provide the USM with enough information to serve the Complaint on the remaining unserved defendants. Plaintiff should carefully review the discovery rules contained in Rules 26–36 of the Federal Rules of Civil Procedure and the Local Rules of Practice to ensure that he follows the appropriate procedures.

*Id*. at 28:7–14. The undersigned extended the discovery deadlines by 60 days to enable Williams to obtain discovery of the identities of the unserved Defendants. *Id*. at 28 ¶ 3.

In addition, the deadline to accomplish service was extended by 90 days until October 13, 2015. *Id*. at 29 ¶ 5. Williams was ordered to "provide the USM with additional information to allow the USM to attempt to reserve the summons and Complaint on Defendant Officers Kompman, Le Heay, Fincher, and Johnson." *Id*. If the USM was unable to serve one or more of the Defendant Officers and Williams wanted service attempted again, the Court directed him to file a motion "specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted." *Id*. The Court also warned Williams that "absent a strong showing of good cause and compelling circumstances, no further extensions will be allowed." *Id*. at ¶ 4.[2]

On October 7, 2015, Williams filed another Notice of Change of Address (Dkt. #61) indicating that he moved to a different residence, though still in Las Vegas.

Williams failed to file proof of service for the unserved Defendant Officers before the extended deadline of October 13, 2015. To date, Plaintiff still has not filed proof of service.

---

[2] Plaintiff timely filed an Objection (Dkt. #59) to the Order/R&R on August 3, 2015.

### B.     Amending the Complaint

After Defendants Firestine and LaVassieur filed their Answer (Dkt. #29) in February 2015, Williams filed multiple motions in March and April 2015 seeking to amend his Complaint to add additional defendants and claims.  *See* (Dkt. ##31, 50, 51).  In the Order/R&R (Dkt. #57), the undersigned recommended that the district judge grant Williams leave to amend his Complaint to include: (Count XXVI) arrest without probable cause against Defendants Firestine and LaVassieur; (Count XXVII) use of excessive force against Defendant Firestine and LaVassieur, and (Counts XXV, XXVI, XXVII, and XXVIII) unreasonable seizure of property against Defendants Clark, Firestine, LaVassieur, Fincher, Le Heay, Kompman, and Johnson."  *Id*. at 16–18.  In effect, the amendment would add two new claims (*i.e.* arrest without probable cause and excessive force) and one new defendant (*i.e.* Clark) to the property claim.  On October 14, 2015, District Judge Andrew P. Gordon adopted the undersigned's recommendation regarding leave to amend the Complaint.  *See* Order (Dkt. #62).

On October 19, 2015, Defendants Firestine and LaVassieur filed a Motion for Summary Judgment (Dkt. #64).  Williams responded on November 10, 2015.  *See* Pl.'s Opp'n (Dkt. #67).

### C.     Williams' Failure to File an Amended Complaint or Serve Defendants

Mr. Williams did not file his amended complaint after Judge Gordon issued his Order (Dkt. #62) adopting the undersigned's recommendations.  Thus, Judge Gordon issued a second Order (Dkt. #71) on December 2, 2015, which specifically ordered Williams to "file and serve his amended complaint"  to comply with the  Order and the Order/R&R within 30 days.  Mr. Williams did not file an amended complaint within 30 days or request an extension of time, and has still not filed an amended complaint or proof of service for any other defendants.

## II.     WILLIAMS' MOTION TO EXTEND DISCOVERY DEADLINES (DKT. #58)

On March 4, 2015, this Court entered its initial Scheduling Order (Dkt. #32) directing that discovery be completed by June 3, 2015.  *Id*. ¶ 3(a).  In May 2015, the Court granted Williams' request to extend multiple discovery deadlines.  *See* Order (Dkt. #53) at 2–3.  In July 2015, the Court again extended discovery deadlines by 60 days "to enable the Plaintiff to obtain discovery of the identities of the unserved Defendants."  *See* Order/R&R (Dkt. #57) at 28.

Within days of the Order/R&R's entry, Williams filed another Motion to Extend Time re: Scheduling Order (Dkt. #58) requesting the same relief the Court granted days earlier.  Thus, it appears this Motion crossed the Order/R&R in the mail or the Clerk's Office.  The Court therefore denies Williams' Motion as duplicative.

## III.    WILLIAMS' MOTION REGARDING SERVICE AND SUMMONS (DKT. #70)

On November 19, 2015, over one month after the extended October 13, 2015 deadline had expired, Plaintiff filed a Motion (Dkt. #70) asking the Court to direct the USM to serve Defendants Clark, Le Heay, Fincher, and Johnson.  The Motion does not explain why unserved Defendant Kompman was not included.  Williams also asked for summons to be issued but does not specify for which Defendants.

Each defendant must be properly served with the summons and complaint, or waive service of process, in order for the Court to exercise jurisdiction over them.  *S.E.C. v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007) (citations omitted).  Plaintiffs are responsible for having the summons and complaint served on each defendant. Fed. R. Civ. P. 4(c)(1); *see also In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996) (plaintiffs are responsible for moving the case toward disposition on the merits).  Rule 4(m) governs service of process and requires strict compliance regarding the timing and manner of service:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But *if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period*.

Fed. R. Civ. P. 4(m) (emphasis added).[3]  Neither inadvertence nor negligence constitutes good cause for failure to effectuate service within 120 days after filing of complaint.  *Tate v. Lau*, 865 F. Supp. 681, 693 (D. Nev. 1994) (citing *Wei v. Hawaii*, 763 F.2d 370, 371–72 (9th Cir. 1985); *West Coast Theatre Corp. v. City of Portland*, 897 F.2d 1519, 1528–29 (9th Cir. 1990)); *Ruley v.*

---

[3]  Rule 4 was amended in 1993 such that Subdivision (m) retained much of the language of the previous Subdivision (j) and added the "good cause" standard for extensions of the 120-day service period.  *See* Fed. R. Civ. P. 4 Advisory Committee Notes (1993).  The case law addressing Rule 4(j) is still good law as applied to Rule 4(m).  Although inapplicable here, the Court also notes that Rule 4(m) was recently amended to reduce the presumptive time for service from 120 days to 90 days and reduce delay at the beginning of litigation.  *See* Fed. R. Civ. P. 4(m) Advisory Committee Notes (2015).

*Nelson*, 106 F.R.D. 514, 518 (D. Nev. 1985).  Ignorance of the law does not constitute "good cause" for a failure to serve, even in the context of *pro se* litigants.  *See Sipes v. Galaxy Airlines, Inc.*, 119 F.R.D. 691, 693 (D. Nev. 1988) (confusion regarding the court's notice of intent to dismiss for lack of service is not good cause for a pro se plaintiff's failure to effect timely service); *cf. King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (*pro se* litigants must follow the same rules of procedure that govern other litigants).

A *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the USM for service of the summons and complaint and should not be penalized by having his action dismissed for failure to effect service where the marshal or the court clerk have failed to perform the duties required of each under 28 U.S.C. § 1915 and Rule 4.  *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).  However, a plaintiff who relies on the USM for service must provide the necessary information and documents to help effectuate service.  *Id.*  A plaintiff "must request that the marshal serve his complaint before the marshal will be responsible for such service." *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991).  If the plaintiff does not request service of the summons and complaint by properly completing and submitting a Form 285 to the USM, then the plaintiff remains responsible for timely service.  *Id*.  A plaintiff "may not remain silent and do nothing to effectuate such service.  'At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge'." *Puett*, 912 F.2d at 275 (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)).  If the USM is unable to effectuate service, for example, because plaintiff failed to provide sufficient information or because a defendant is not where plaintiff claims, and plaintiff is informed of the deficiency, he must seek to remedy the situation or face dismissal of that defendant pursuant to Rule 4(m).  *See Walker v. Sumner*, 14 F.3d 1415, 1421–22 (9th Cir. 1994) (quoting *Puett*, 912 F.2d at 275).

Here, the Court finds that Mr. Williams has not shown good cause or compelling circumstances to justify another extension of the service deadline.  Williams received clear instructions nearly 13 months ago that service must be accomplished within 120 days.  He was also given guidance about conducting discovery to learn the information needed to have the

unserved Defendants served.  *See* Jan. 5, 2015 Order (Dkt. #10).  He understood and appreciated the deadlines set in this case because he sought and received multiple deadline extensions, including extensions of discovery, additional time to respond to Defendants' motion of summary judgement, and extensions of the deadline to effect service.  *See, e.g.*, Order/R&R (Dkt. #57); Minute Order (Dkt. #69).  Over six months ago, this Court extended both the time for service and the discovery deadlines so Williams would be able to conduct discovery regarding the identity of the unserved LVMPD officers.  *See* Order/R&R (Dkt. #57).  He was given an additional 90 days to serve all Defendants, extending the deadline to accomplish service until October 13, 2015.  *Id.* at 29 ¶ 5.  The Court expressly instructed Williams to "provide the USM with additional information to allow the USM to attempt to reserve the summons and Complaint on Defendant Officers Kompman, Le Heay, Fincher, and Johnson," *id.*, and warned that "absent a strong showing of good cause and compelling circumstances, no further extensions will be allowed." *Id.* at ¶ 4.  However, Williams allowed the October 13th deadline to pass without filing proof of service or requesting additional time.   Judge Gordon *sua sponte* granted another 30-day extension for service in his December 2, 2015 Order (Dkt. #71), yet Williams failed to comply before January 2, 2016.

Additionally, Williams' untimely Motion (Dkt. #70) is devoid of any explanation for his inaction.  He does not explain why he failed to comply let alone show good cause or compelling circumstances to justify another extension of the deadline for service.  Williams does not show that he provided the USM with sufficient information to serve Defendants or that he in fact requested that the defendant be served, despite this Court's explicit instruction to do so in the Order/R&R.  Accordingly, the Court will recommend that the district judge deny Williams' Motion and dismiss unserved Defendants Kompman, Le Heay, Fincher, and Johnson.

## IV.   DEFENDANTS' MOTION TO EXTEND DISCOVERY DEADLINES (DKT. #63)

In response to Judge Gordon's Order (Dkt. #62) granting leave to amend, Defendants Firestine and LeVassieur filed an Emergency Motion to Extend Discovery Deadlines (Dkt. #63). This Motion asserts that additional time for discovery is necessary because the Court allowed Williams to add new claims and a new defendant.  Although Williams was given leave to amend

his Complaint, he failed to actually file the amendment.  The Ninth Circuit has recognized that service of an incomplete draft complaint does not comply with Rule 4(m) because the Rules require "service of the *filed complaint*."  *W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1529 (9th Cir. 1990); *cf. Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 n.12 (9th Cir. 1989) (refusing to consider allegations made in plaintiffs' unfiled, proposed amended complaint submitted as an attachment to a motion).  Williams never submitted his amendment to the Court; thus, the operative pleading is the original Complaint (Dkt. #11) filed on January 5, 2015.  No additional discovery is required on an amended complaint that was not filed. Defendants' Motion is therefore denied.

Accordingly,

**IT IS ORDERED:**

1.  Plaintiff James Williams' Motion to Extend Time re: Scheduling Order (Dkt. #58) is DENIED as duplicative.

2.  Defendants Jeffrey Firestine and Brett LeVasseur's Emergency Motion to Extend Discovery Deadlines (Dkt. #63) is DENIED.

**IT IS RECOMMENDED:**

1.  Williams' Motion for the Court to Direct the U.S. Marshal's Service to Serve a Copy of the Complaint on Outstanding Defendants and Issue Summons (Dkt. #70) be DENIED and the unserved Defendant Officers Kompman, Le Heay, Fincher, and Johnson be DISMISSED.

Dated this 3rd day of March, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within 14 days after

being served with these findings and recommendations, any party may file written objections with the Court.  Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within 14 days of the date of service of the findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order.  *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.