# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

JAMES WILLIAMS,

            Plaintiff,

    v.

OFFICER CLARK, *et al*.,

            Defendants.

Case No. 2:14-cv-00414-APG-PAL

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

(ECF No. 64)

Plaintiff James Williams distributes bottles of water from a cooler on the Las Vegas Strip in exchange for "donations." He has been repeatedly cited for distributing water without a license. In this lawsuit, he alleges that Officers Firestine and LeVasseur confiscated his dolly, cooler, and water on multiple occasions without probable cause. He also alleges that the officers choked, tackled, and punched him because he was distributing water without a license.

The defendants move for summary judgment on Williams's claims of unlawful arrest, excessive force, and illegal seizure. They argue that they are entitled to summary judgment on the unlawful arrest and illegal seizure claims because Williams admitted during his deposition that he had outstanding arrest warrants. They argue that they are entitled to summary judgment on the excessive-force claim because Williams grabbed for one of the officer's Tasers during the scuffle.

I grant summary judgment in the defendants' favor on the unlawful arrest and illegal seizure claims because Williams concedes that he had outstanding warrants for his arrest and he lacks evidence to support his claims. But I deny the defendants' motion with regard to the excessive force claim because there is a dispute of fact regarding what the officers actually did and whether Williams reached for one of the officer's Tasers.

1   I.     **BACKGROUND**

2        Williams alleges that on June 8 and June 16, 2013, he was distributing water on the Las

3   Vegas Strip when defendant Officer Firestine illegally confiscated his dolly, three coolers filled

4   with bottled water, and multiple cases of water. ECF No. 51 at 33.  He also alleges that Firestine

5   falsely arrested him for operating a business without a license. *Id*. at 34.

6        Williams alleges that he was falsely arrested again on July 7, 2013. *Id*. at 35.  Defendant

7   Officers Firestine and LeVasseur allegedly conducted a records check on Williams because they

8   suspected him of selling water on the Strip without a license. *Id*.  According to Williams, the

9   officers purported to arrest him for violating a "stay order" and once again confiscated his cooler

10  and bottles of water. *Id*.

11       Williams alleges that he was again falsely arrested for distributing bottles of water and

12  accepting donations on July 27, 2013. *Id*.  But this time, Officers Firestine and LeVasseur

13  allegedly punched Williams several times, tackled him, and put him in a chokehold. *Id*.  Williams

14  alleges that Officers Firestine and LeVasseur confronted him again on August 11, 2013,

15  confiscated his cooler and water, and again falsely arrested him. *Id*. at 37.

16       On March 20, 2014, Williams filed suit against Officers Firestine and LeVasseur, stating

17  claims for false arrest, excessive force, and illegal seizure of his property. *See* ECF No 1-1.  The

18  officers now move for summary judgment.

19  II.    **DISCUSSION**

20       Summary judgment is appropriate if the pleadings, discovery responses, and affidavits

21  demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to

22  judgment as a matter of law." Fed. R. Civ. P. 56(a), (c).  A fact is material if it "might affect the

23  outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248

24  (1986).  An issue is genuine if "the evidence is such that a reasonable jury could return a verdict

25  for the nonmoving party." *Id*.

26       The party seeking summary judgment bears the initial burden of informing the court of the

27  basis for its motion and identifying those portions of the record that demonstrate the absence of a

28

genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the nonmoving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000).  I view the evidence and reasonable inferences in the light most favorable to the nonmoving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

### A.    Unlawful Arrest

To succeed on a false arrest claim, a plaintiff must show that the defendant lacked probable cause to arrest him. *Fayer v. Vaughn*, 649 F .3d 1061, 1064 (9th Cir. 2011); *Freeman v. City of Santa Ana*, 68 F .3d 1180, 1189 (1995).  In this case, the defendant officers contend they are entitled to summary judgment because Williams had three outstanding warrants for his arrest, satisfying probable cause.  Williams responds that the officers "had no way of knowing that [he] had active warrants at the time of the stop." ECF No. 67 at 3.  He further asserts that the officers discovered the active warrants only after they detained him. *Id*. at 5.

Williams conceded in his deposition that he had three active warrants for his arrest. *See* ECF No. 64 at 26–27.  Additionally, he produced no evidence to support his assertion that the officers did not know about the outstanding warrants before arresting him.  Thus, his false arrest claim fails and I grant summary judgment in the defendants' favor on that claim.

### B.    Excessive Force

When determining whether an officer's use of force was reasonable, I must engage in a three-part inquiry that balances "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham v. Conner*, 490 U.S. 386, 399 (1989) (citation omitted).  I first assess the "type and amount of force inflicted." *Glenn v. Washington Cty.*, 673 F.3d 864, 871 (9th Cir. 2011) (citation and internal quotation marks omitted).  Second, I assess the importance of the governmental interests at stake by evaluating three factors: (1) whether the suspect posed an immediate threat to the safety of the officers or others; (2) the severity of the crime at issue; and (3) whether the suspect actively resisted arrest or attempted to evade arrest by flight. *Id*. at 872 (citing *Graham*, 490 U.S. at 396).

1    Third, I must balance the gravity of the intrusion on the individual against the government's need

2    for the intrusion. *Id*. at 871 (quoting *Miller v. Clark Cty*., 340 F.3d 959, 964 (9th Cir. 2003)).

3    Because the reasonableness balancing test "nearly always requires a jury to sift through disputed

4    factual contentions, and to draw inferences therefrom," summary judgment should be granted

5    "sparingly" in excessive-force cases. *Drummond ex rel. Drummond v. City of Anaheim*, 343 F.3d

6    1052, 1056 (9th Cir. 2003) (citation omitted).

7          The officers dispute Williams's allegations that he was tackled, punched, and choked.

8    Nonetheless, they assume for purposes of this motion that force was used. ECF No. 64 at 11.

9    They argue that summary judgment is appropriate because Williams allegedly reached for one of

10   the officer's Tasers. *Id*. at 11–12.  Williams responds that he did not intentionally grab a Taser

11   and, if he did, it was because the officers' use of force was excessive.

12         Both parties' arguments rely on Williams's deposition testimony, where he stated that

13   "[i]f I did [grab for the Taser], it was just a reaction from his excessive force, what I believe." *Id*.

14   at 27.  This statement does not establish whether Williams grabbed for one of the officer's Tasers.

15   Cellphone footage provided by Williams shows that a fight occurred.  The footage begins after

16   Williams is taken to the ground. *See* ECF No. 68.  His hands are either in his pockets or behind

17   his back and he is in chokehold while an officer shouts, "he is resisting." *Id*.  Concerned

18   bystanders retort, "saying he is resisting won't make him be resisting." *Id*.  Williams then appears

19   to pass out from the chokehold and handcuffs are placed on his wrists. *Id*.

20         Because the cellphone footage begins midway through the incident, I cannot determine

21   how much force was used to restrain Williams or whether he reached for one of the officer's

22   Tasers before the footage began.  At this stage of the proceedings, I am not allowed to make

23   credibility determinations, make assumptions, or draw inferences in favor of the defendants as

24   they request. *See* ECF No. 64 at 12 ("It can also be assumed Plaintiff admitted to reaching Ofc.

25   Firestine's duty belt and grabbing the Taser, considering Plaintiff admitted as [*sic*] the deposition

26   that he could not remember whether he did such actions."); *Anderson*, 477 U.S. at 255.  A

27   genuine dispute exists regarding the type and amount of force inflicted and whether Williams

28

1  presented an immediate threat by grabbing for a Taser.

2         The officers also argue that Williams produced no evidence that he was actually injured.

3  *See* ECF No. 64 at 13.  They cite to *Arpin v. Santa Clara Valley Transportation Agency* for the

4  proposition that allegations of injury without medical records or other evidence of injury are

5  insufficient to establish excessive force. 261 F.3d 912, 922 (9th Cir. 2001).  But  the Supreme

6  Court has clarified that in an excessive force claim, the focus is on the force used, not the

7  resulting injury. *Wilkins v. Gaddy*, 559 U.S. 34, 38, (2010) ("Injury and force, however, are only

8  imperfectly correlated, and it is the latter that ultimately counts.  An inmate who is gratuitously

9  beaten by guards does not lose his ability to pursue an excessive force claim merely because he

10 has the good fortune to escape without serious injury.").  I therefore deny the officers' motion for

11 summary judgment with regard to Williams's excessive-force claim.

12         **C.     Illegal Seizure of Property**

13        "[I]t is . . . well settled that objects such as weapons or contraband found in a public place

14 may be seized by the police without a warrant.  The seizure of property in plain view involves no

15 invasion of privacy and is presumptively reasonable, assuming that there is probable cause to

16 associate the property with criminal activity." *Payton v. New York*, 445 U.S. 573, 586-87 (1980).

17 Williams alleges that the officers unlawfully seized his dolly, coolers, and bottles of water when

18 they arrested him for conducting business without a license.  The officers argue that they are

19 entitled to summary judgment on this claim because the items were part of Williams's illegal

20 business and he concedes that he was arrested and cited for doing business without a license and

21 obstructing the sidewalk.  Williams responds that the officers nonetheless lacked probable cause

22 because they did not witness him illegally conduct business.  However, Williams provides no

23 evidentiary support for this claim, while the officers produced a police report that rebuts it. *See*

24 ECF No 64 at 52 (stating that Officer Firestine saw Williams make "hand to hand transactions").

25 I therefore grant summary judgment in favor of the officers on Williams's illegal seizure claim.

26 / / / /

27 / / / /

28

III.     **CONCLUSION**

IT IS THEREFORE ORDERED that the defendants' **motion for summary judgment (ECF No. 64) is GRANTED in part and DENIED in part**. The defendants' motion is granted with regard to the unlawful arrest and illegal seizure claims and denied with regard to the excessive force claim.

DATED this 17th day of August, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE