UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES WILLIAMS,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>F.N.U. CLARK, *et al.*,<br><br>　　　　　　　　Defendant. | Case No. 2:14-cv-00414-APG-PAL<br><br>**ORDER DISMISSING CASE**<br><br>(ECF Nos. 83, 85, 89) |

Plaintiff James Williams filed this lawsuit alleging various civil rights violations. ECF No. 1-1. I granted summary judgment in the defendants' favor on all but Williams' excessive force claim. ECF No. 79. Pursuant to the scheduling order, the parties were supposed to file a proposed joint pretrial order within thirty days after my summary judgment order. ECF No. 32 at 3. They did not, so I ordered them to do so by October 21, 2016. ECF No. 80.

The defendants filed an individual pretrial order, stating that they had sent a draft to Williams on October 4, 2016, but received no response. ECF No. 81 at 1 n.1. The defendants thus filed their own proposed pretrial order. *Id.*

I thereafter entered an order to show cause why this case should not be dismissed due to Williams' failure to comply with the Local Rules and my prior order. ECF No. 82. I advised Williams that he was "at risk of having this lawsuit dismissed for his failure to comply" with the Rules and my order. *Id.* at 1. I directed Williams to "contact the defendants' counsel and cooperate in filing the joint pretrial order, or he shall explain why this case should not be dismissed as a sanction for such failure." *Id.* at 1-2. I gave him 21 days to comply. *Id.*

Instead of contacting the defendants' counsel or responding to my show cause order, Williams filed two documents on November 3, 2016. First, he filed an "emergency" request for a writ of mandamus which appears to be an attempt to amend the complaint. ECF No. 83. Second, he filed a "notice of intent to file an amended complaint." ECF No. 84. In neither document did

Williams respond to my order to show cause. Nor does he seek leave to amend the scheduling order to allow an amendment at this late date or show good cause to allow such an amendment. The November 14 deadline to contact the defendants' counsel to prepare a joint pretrial order or to show cause why this action should not be dismissed has passed. Williams did not contact the defendants' counsel. ECF No. 86. Finally, on November 21, Williams filed a response to my show cause order stating, among other things, that he never received a draft joint pretrial order, he "does not even know what a joint pretrial order is," and he does not have a working telephone to contact the defendants' counsel. ECF No. 87. Williams does not explain why he did not contact the defendants' counsel some other way (e.g., by mail, internet, in-person, or public telephone).

The broad, underlying purpose of the Federal Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Federal Rule of Civil Procedure 16 authorizes courts to manage their cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated." *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). Specifically, Rule 16(f) "puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order, including dismissal." *Id.* Rule16(f) provides in relevant part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling order or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C); *see also* LR IA 11-8(c) and (d) (court may "impose any and all appropriate sanctions on an attorney or party who . . . fails to comply with these rules; or fails to comply with any order of this court").

Potential sanctions under Rule 37(b)(2)(A) include striking pleadings and dismissing an action. Fed. R. Civ. P. 37(b)(2)(A)(iii), (v). In determining whether to impose the sanction of dismissal, I must weigh: "(1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4)

public policy favoring disposition of cases on the merits; and (5) availability of less drastic sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990) (quotation omitted).

### A. Expeditious Resolution of Litigation

"Orderly and expeditious resolution of disputes is of great importance to the rule of law." *Phenylpropanolamine*, 460 F.3d at 1227. "[D]elay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *Id.*

This case is ready for trial but cannot proceed until the parties have prepared the joint pretrial order. Local Rule 16-3(b) puts the burden on the plaintiff to initiate the preparation and filing of the proposed joint pretrial order. When Williams failed to act more than thirty days after my summary judgment order, I directed the parties to file a proposed pretrial order by October 21, 2016. Williams still failed to act and I then entered the order to show cause, extending the deadline to November 14. To this date no pretrial order has been filed and Williams has not contacted the defendants' counsel to prepare one as directed. Instead, he seeks to further delay resolution of this case with proposed amendments that are well beyond the deadline to amend pleadings in the scheduling order. This factor weighs in favor of dismissal.

### B. Management of the Court's Docket

A district court's inherent power to control its docket includes the ability to issue sanctions of dismissal. *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir 1986). The sanction of dismissal "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

Williams' conduct has disrupted the court's power to control its docket. Rather than moving this case forward to trial, Williams seeks to belatedly amend the pleadings while refusing to comply with my orders and the Rules. This factor weighs in favor of dismissal.

/ / / /

### C. Prejudice to Defendant

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). Williams is impeding the defendants' ability to go to trial because he refuses to participate in preparing the proposed joint pretrial order despite multiple orders requiring him to do so. This factor weighs in favor of dismissal.

### D. Disposition of Cases on Merits

The public policy favoring disposition of cases on the merits weighs against dismissal. *Phenylpropanolamine*, 460 F.3d at 1228. But "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impeded progress in that direction." *Id.* (quotation omitted).

Williams is responsible for moving this case forward. Local Rule 16-3(b) specifically states that the preparation of the pretrial order is on the "initiative" of the plaintiff. Williams' failure to participate in preparing the joint pretrial order as required has caused delay and thwarted progress on preparing this case for trial. This factor weighs in favor of dismissal.

### E. Less Drastic Sanctions

I must consider the adequacy of less drastic sanctions before imposing dismissal sanctions. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). In determining whether less drastic sanctions are appropriate, I consider whether: (1) less drastic sanctions are available and, if so, whether they would be inadequate; (2) alternative sanctions were employed before ordering dismissal; and (3) the party subject to dismissal was warned of the possibility of dismissal. *Id.* at 132.

Less drastic sanctions are available in that I could grant Williams even more time to comply with the Local Rules and my prior orders but those remedies would be inadequate because Williams has had ample opportunity to comply but refuses to do so. Instead, he seeks to disrupt the orderly and timely resolution of his only remaining claim by attempting to amend his complaint when this case is on the eve of trial. He offers no good cause for amending the

scheduling order to allow this untimely amendment.  Nor does he offer sufficient reason why he has failed to contact the defendants' counsel as I directed him to do.

Alternative sanctions were employed.  I gave Williams multiple opportunities to comply but he has not done so.  Additionally, I warned Williams of the possibility that his lawsuit may be dismissed if he failed to comply with the Rules and my orders. ECF No. 82.  This factor weighs in favor of dismissal.

### F. Conclusion

The relevant factors weigh in favor of dismissal.  I will dismiss this case with prejudice as a sanction for Williams' refusal to (1) participate in preparing a joint pretrial order and (2) comply with my orders and the Rules.

IT IS THEREFORE ORDERED that this case is DISMISSED with prejudice.  The clerk of court shall enter judgment in favor of defendants Jeff Firestone and Brett LeVasseur and against plaintiff James Williams.

IT IS FURTHER ORDERED that the plaintiff's motion for writ of mandamus **(ECF No. 83) is DENIED**.

IT IS FURTHER ORDERED that the defendants' motion to strike **(ECF No. 85) is DENIED as moot**.

IT IS FURTHER ORDERED that the plaintiff's motion for leave to file an amended complaint and add parties **(ECF No. 89) is DENIED**.

Dated: November 29, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

5